(Decided 2d June, 1871.)

---

EBENEZER NEAL, GEORGE NEAL, and others, Lessors, *vs.* COMEGYS COSDEN.

*Testamentary Construction—" Or " construed " and,"*
*to effectuate the intent of a Testator.*

A testator devised as follows: " I give and devise the farm, &c., to my late wife's nephew, H, and to the heirs of his body lawfully begotten, forever; and in case the said H shall die under the age of twenty-one years, or without issue of his body lawfully begotten, or child or descendant of such issue, living, then in that case I give and devise the

Neal, *et al.*, Lessors, *vs.* Cosden.

said farm, &c., to," naming the persons who should take. H attained the age of twenty-one years, and died intestate, and without issue. HELD:

1st. That this devise vested in H an estate in fee simple, defeasible upon the condition named in the will.

2d. That in order to effectuate the intention of the testator, which was to provide for H and his issue, as special objects of his bounty, the word "or," should be construed "and," and H having attained the age limited, the estate vested in him absolutely. The limitation over could only take effect upon the death of H within age *and* without issue.

APPEAL from the Circuit Court for Kent County.

*Ejectment* instituted by the appellants against the appellee, to recover possession of a tract of land in Kent county. George Neal, on the 22d of May, 1828, made and executed his will, and died the same year without issue. The testator had adopted as his son, his wife's nephew, George Neal Hines, and treated and educated him as such; and by a clause in his will, which will be found in the opinion of this Court, he devised to this adopted son the land in controversy. After the death of the testator, George Neal Hines entered into possession of the land and was seized thereof under the will; he never married, and died in the year 1868, intestate, and without ever having had lawful issue of his body; at the time of his death, he was fifty-one years of age. After having attained the age of twenty-one years, George Neal Hines, on the 7th of July, 1842, executed a deed in fee for the land devised to him, in trust for his creditors. Subsequently he went into bankruptcy, his trustee being a party to the proceedings, and an assignee was duly appointed, who as such and duly authorized, conveyed said land in fee, for a valuable consideration, to John McKenny. McKenny conveyed it to Emory Sudler, by whom it was conveyed, on the 12th of November, 1857, in fee, to the appellee, who immediately entered into possession. Ebenezer Neal, George Neal, Thomas Neal and Levi Neal, the ulterior devisees of the land, were the grand-

nephews of the testator. Thomas Neal died intestate, leaving Delmira Neal, his only child and heir-at-law, who, together with Ebenezer, George and Levi Neal, were the plaintiffs below. The case was submitted to the Circuit Court upon an agreed statement of the facts, and a *pro forma* judgment was entered by consent for the defendant. The plaintiffs appealed.

The cause was argued before BARTOL, C. J., BRENT, MAULSBY and ROBINSON, J.

*R. Hynson, John O. Slay* and *Wm. Schley,* for the appellants.

Upon the true construction of the will of George Neal, the devise to George Neal Hines, under the laws of Maryland, was a devise in fee simple, defeasible in case he should die without issue living at his death; and the limitation over to Thomas Neal and others was a good limitation, being a limitation over on a different failure of issue; and, on the happening of the contingency set out in the will, the limitation over took effect, as a valid executory devise in fee.

And if, upon any interpretation that may be suggested, the limitation over was too remote; still as it is clear, that in the actual event, there was a cesser of the estate of George Neal Hines, the appellants, as heirs-at-law of George Neal, took the estate by descent.

The execution of the deed of trust to Mr. Ricard, and the sale by the assignee in bankruptcy, had no effect upon the title to the property, *ultra* the defeasible title of Mr. Hines. They had no effect whatever upon the title of the appellants.

The following authorities were relied on in argument: *Hilleary vs. Hilleary,* 26 *Md.,* 285; *Dallam vs. Dallam,* 7 *H. & J.,* 237; *Biscoe vs. Biscoe,* 6 *G. & J.,* 232; *Posey vs. Budd,* 21 *Md.,* 447; *Shriver vs. Lynn,* 2 *How.,* 55.

*James A. Pearce, George Vickers* and *I. Nevett Steele,* for the appellee.

George Neal Hines took under the will of George Neal an estate tail general in the land devised, which was, by the operation of the Act to direct descents, converted into a fee simple. *Newton vs. Griffith,* 1 *H. & G.,* 111; *Wells vs. Beall,* 2 *G. & J.,* 458; *Posey vs. Budd,* 21 *Md.,* 477; *Hilleary vs. Hilleary,* 26 *Md.,* 289.

This fee simple was defeasible upon the condition that George Neal Hines should die, without issue, before he reached the age of twenty-one years, and as he reached the age of twenty-one, the estate became absolute in him on attaining that age, though he never had issue. To effect this the word "or" between the words "age" and "without" will be changed into "and" in the devise to George Neal Hines, so as to read, "if he should die under the age of twenty-one years *and* without issue." 1 *Redfield on Wills,* 473, 474; 1 *Jarman on Wills,* 443, 450; *Framlingham vs. Brand,* 3 *Atkyn.,* 390; *Fairfield vs. Mergon,* 5 *Bos. & Pul.,* 38; *Right vs. Day,* 16 *East.,* 68; *Eastman vs. Baker,* 1 *Taunton,* 182; *Wright vs. Kemp,* 3 *Term Rep.,* 474; *Dallam vs. Dallam,* 7 *G. & J.,* 238; *Raborg vs. Hammond,* 2 *H. & G.,* 53; *Watkins vs. Sears,* 3 *Gill,* 496; *Janney vs. Sprigg,* 7 *Gill,* 198; *Arnold, et al. vs. Buffin,* 3 *Mason's C. C. Rep.,* 208; *Lillibridge vs. Adie,* 1 *Mason's C. C. Rep.,* 238.

Before the Act to direct descents, the estate devised to George Neal Hines being an estate tail, the devise over to the appellants was of a remainder, and since the Act of 1786, a remainder limited to take effect upon the determination of an estate tail, is inoperative. *Wells vs. Beall,* 2 *G. & J.,* 467; *Hoxton vs. Archer,* 3 *G. & J.,* 199; *Hill vs. Hill,* 5 *G. & J.,* 95; *Sanders vs. Hyatt,* 1 *Hawks,* (*N. C.,*) 247; *Watkins vs. Sears,* 3 *Gill,* 496.

Even if the Court should hold, that in order to sustain the devise over, the remainder should be construed as an executory devise; such devise over is still void, as being too re-

mote, because limited to take effect after an indefinite failure of issue. *Tenny vs. Agar*, 12 *East.*, 253; *Denn vs. Slater*, 5 *Term Rep.*, 335; *Barlow vs. Salter*, 17 *Vesey*, 479; *Dallam vs. Dallam*, 7 *H. & J.*, 222; *Newton vs. Griffith*, 1 *H. & G.*, 112; *Biscoe vs. Biscoe*, 6 *G. & J.*, 236; *Hatton vs. Weems*, 12 *G. & J.*, 83; *Edelen vs. Middleton*, 9 *Gill*, 161; *Torrance vs. Torrance*, 4 *Md.*, 25; *Tongue vs. Nutwell*, 13 *Md.*, 426; *Posey's Lessee vs. Budd*, 21 *Md.*, 477; *Hilleary vs. Hilleary*, 26 *Md.*, 275; *Wallis vs. Woodland*, 32 *Md.*, 101.

BARTOL, C. J., delivered the opinion of the Court.

The appellants, who were plaintiffs below, claim title to the land in question, under the will of George Neal. The appellee claims title under the same will, having acquired by *mesne* conveyances the estate which was devised to George Neal Hines, the first devisee.

The decision of the case turns upon the construction of the following clause of the will:

" I give and devise the farm, &c., to my late wife's, Sarah Neal deceased, nephew, George Neal Hines, and to the heirs of his body, lawfully begotten, forever; and, in case the said George Neal Hines shall die under the age of twenty-one years of age, or without issue of his body lawfully begotten, or child, or descendant of such issue living, then and in that case, I give and devise the said farm·or plantation to Thomas Neal, Ebenezer Neal, Levi Neal and George Neal, the sons of my nephew, Charles Neal, and their heirs forever, as tenants in common; or to such of them or the issue of the body of such of them as shall then be living, and to their heirs forever, as tenants in common : and, in case the said Thomas Neal, Ebenezer Neal, Levi Neal and George Neal, nor any of them, nor any issue of the body of any of them shall not be then living, I give and devise the said farm or plantation to my nephew, Richard Smith, and his heirs forever."

The question is what estate did George Neal Hines take in the lands devised?

The words of the devise would have created an estate in *fee tail general* at the common law; but under the laws of Maryland such estates have been abolished, or rather have been converted into estates in fee simple. *Newton vs. Griffith,* 1 *H. & G.,* 111; *Posey vs. Budd,* 21 *Md.,* 477; *Hilleary vs. Hilleary,* 26 *Md.,* 275.

It has been conceded by the counsel on both sides that this devise vested in George Neal Hines an estate in fee simple, defeasible upon the condition named in the will; and it is upon the true construction of the words defining the contingency upon which the limitation over is to take effect, that the controversy arises.

Construing the words according to their ordinary or grammatical sense, it would be clear that the limitation over would take effect upon either of two contingencies, that is, if the first devisee should die before attaining the age of twenty-one years; *or,* if after attaining that age, he should die without lawful issue. The effect of such a construction would be that if the devisee should die under the age of twenty-one leaving issue, the devise over would take effect to the exclusion of such issue. But this would defeat the plain intent of the testator. It is obvious from the whole terms of the will that the intention of the testator was that the executory devise should not operate so long as there remained lawful issue of George Neal Hines to take the estate, whether he should die before or after reaching the age of twenty-one. In order to effectuate this general intent, it is the settled rule of construction in such cases, established by the current of decisions both in England and in this country, to construe the word *or* to mean *and.* Because in no other way can the intention of the testator to provide for the issue of the first taker in any event, as the first objects of his bounty, be effectually carried out.

This rule is stated in 1 *Jarman,* 443-450, *m,* where the decisions are collected; and in 1 *Redfield on Wills,* 473, 474, *paragraph* 4, the author says: " There is a numerous class of cases, where an estate limited to one, and to pass over, in the event of such person dying before the age of majority, or

without issue, where it has been long settled to give "*or*" the force of "*and*," and to hold that if the first devisee attain the age limited, the estate becomes absolute in him, and that in order to its passing over he must die within age and without issue. This rule is said to have been adopted in order to avoid what the Courts esteemed an unreasonable construction."

The author then suggests a question whether the effect of the rule may not often have defeated the intent of the will.

But in the note, after referring to numerous decisions in which the rule has been recognized, he adds: "The rule is now too firmly established, by decisions quite too numerous, either to be questioned, or to require support from authority."

This rule has been no where more distinctly recognized than in this State. In *Raborg vs. Hammond*, 2 *H. & G.*, 42, "the devise was to T, his heirs and assigns, and if the said T should die without heirs of his body lawfully begotten, *or* before he shall arrive unto the full age of twenty-one years, then to A, &c.," Judge DORSEY said, p. 53, "that the word '*or*' in the limitation over must be construed to mean '*and*' in the place in which it was used; and in all similar limitations, where the effect of construing it disjunctively would be to disinherit the issue of the first devisee, should he die under the age of twenty-one years, has been so repeatedly settled by the most solemn adjudications, that it has become the duty of Courts no longer to listen to an argument on the subject, much less to refer to authorities in support of such a position."

In our judgment there is nothing in the will before us to except it from the operation of this rule of construction; and as George Neal Hines actually attained the age of twenty-one years, the estate became absolutely vested in him, and has since devolved upon the appellee. The judgment will therefore be affirmed.

The view we have expressed on this question, renders it unnecessary for us to discuss the other point presented in the argument, as to whether the executory devise over would not be void because limited after an indefinite failure of issue of

George Neal Hines, and, therefore, too remote to take effect under the rule of law governing such limitations.

This is an interesting question, and has been discussed with a great deal of ability, but it is not necessary now to decide it, because however the will may be construed in that respect, as the limitation over could only take effect upon the contingency of the first devisee dying before reaching the age of twenty-one *and* without issue, a contingency which has not happened, the appellants have no title under the will.

*Judgment affirmed.*

(Decided 13th June, 1871.)